CLINICAL CARE PHARMACY, L.L.C AND ANJANETTE WYATT V. AMERISOURCEBERGER CORPORATION

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-166-CV

CLINICAL CARE PHARMACY, L.L.C. APPELLANTS

AND ANJANETTE WYATT

V.

AMERISOURCEBERGER CORPORATION APPELLEE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Clinical Care Pharmacy, L.L.C. and Anjanette Wyatt are attempting to appeal the trial court’s default judgment in favor of 
appellee Amerisourceberger Corporation.  Because appellants’ notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

The trial court’s default judgment was signed January 24, 2006.  Appellants filed a motion for new trial in the trial court on February 27, 2006—four days after the deadline for filing a motion for new trial.  
See
 
Tex. R. Civ. P.
 329b(a) (providing that a motion for new trial shall be filed within thirty days after the judgment is signed).  The record does not reveal whether this motion for new trial was timely under the mailbox rule.  
See
 
Tex. R. Civ. P.
 5 (providing that a document properly mailed on or before the last day for filing is timely if received by the clerk within ten days).  Regardless, appellants did not file their notice of appeal until May 11, 2006, which appears untimely under any calculation of the appellate deadline.
(footnote: 2)
 Because appellants’ notice of appeal appeared untimely, we notified them on May 25, 2006, of our concern that this court may not have jurisdiction over the appeal and informed them that unless they or any party desiring to continue the appeal filed with the court a response showing a reasonable explanation for the late filing of the notice of appeal, this appeal would be dismissed for want of jurisdiction.  
See
 
Tex. R. App. P.
 10.5(b), 26.3(b), 42.3(a).  We have received no response.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P.
 25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997).  Because appellants’ notice of appeal was not timely  filed, we dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: July 13, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
While a notice of appeal in a restricted appeal may be filed within six months after the judgment is signed, 
see
 
Tex. R. App. P.
 26.1(c), appellants’ notice of appeal did not contain the information required for a restricted appeal.  
See 
Tex. R. App. P.
 25.1(d)(7).